UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-6151 FMO (CTSx)** | Date | **July 6, 2026** |
|---|---|---|---|
| Title | **Gene K. Lee Medical Corporation v. Elevance Health Inc., et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:               Attorney Present for Defendants:

None Present                              None Present

**Proceedings:        (In Chambers) Order Remanding Action**

On April 14, 2026, Gene K. Lee Medical Corporation ("plaintiff") filed a Complaint in the Los Angeles County Superior Court ("state court") against Elevance Health, Inc., Anthem Blue Cross Life and Health Insurance Company, and Blue Cross of California ("defendants"), asserting only state law claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint at ¶¶ 35-68). On June 5, 2026, defendants removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (See Dkt. 1, NOR at ¶ 8). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-6151 FMO (CTSx)** | Date | **July 6, 2026** |
|---|---|---|---|
| Title | **Gene K. Lee Medical Corporation v. Elevance Health Inc., et al.** | | |

may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

Although federal question jurisdiction "[m]ost directly . . . arises under federal law when federal law creates the cause of action asserted[,]" Gunn v. Minton, 568 U.S. 251, 257, 133 S.Ct. 1059, 1064 (2013), there is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" in which "federal-question jurisdiction will lie over state-law claims[.]" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 2366-67 (2005); see Gunn, 568 U.S. at 258, 133 S.Ct. at 1064 ("[E]ven where a claim finds its origins in state rather than federal law . . . a special and small category of cases [exist] in which arising under jurisdiction still lies.") (internal quotation marks omitted).  In such cases, "federal jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn, 568 U.S. at 258, 133 S.Ct. at 1065.

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)).  "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."  ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).  The Ninth Circuit has clarified that the Grable test does not dispense with the well-pleaded complaint rule.  See Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011).  As such, under the well-pleaded complaint rule, the existence of a federal defense is not enough to justify removal to federal court.  See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

Here, plaintiff alleges that defendants failed to pay the full amount owed for the medical services plaintiff provided.  (See Dkt. 1-1, Complaint at ¶¶ 14-15).  Plaintiff contested the underpayment using the independent dispute resolution ("IDR") procedure established by the federal No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111, et seq.  (See id. at ¶ 20).  Through the IDR process, plaintiff received favorable arbitration rulings that defendants failed to pay the full amount owed for the medical services provided.  (See id. at ¶¶ 23-32).  Defendants contend that removal is proper because this action could have originally been brought in this court pursuant to 28 U.S.C. §§ 1331, because plaintiff's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., claim requires plaintiff to prove that defendants violated the NSA.  (See Dkt. 1, NOR at ¶ 14).  According to defendants, plaintiff's UCL claim "necessarily raises a federal issue because it relies solely on the federal NSA statute to allege Defendants failed to timely pay the [arbitration] awards at issue."  (Id.).  The court is unpersuaded.

As an initial matter, the Complaint does not present a federal question on its face, (see,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-6151 FMO (CTSx)** | Date | **July 6, 2026** |
|---|---|---|---|
| Title | **Gene K. Lee Medical Corporation v. Elevance Health Inc., et al.** | | |

generally, Dkt. 1-1, Complaint), and, as noted earlier, the Grable test does not dispense with the well-pleaded complaint rule.  See Cal. Shock Trauma Air Rescue, 636 F.3d at 542.  Further, defendants merely point to plaintiff's references to violations of the NSA, (see id. at ¶ 14), as proof, ipso facto, that federal question jurisdiction exists.  However, the "mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim[.]"  Newtok Vill. v. Patrick, 21 F.4th 608, 616 (9th Cir. 2021); see Hawaii Med. Servs. Ass'n v. Nitta, 2019 WL 2404513, *5 (D. Haw. 2019) (noting "[t]he mere reference to a federal issue . . . does not operate as a password opening federal courts to any state action embracing a point of federal law") (internal quotation marks omitted); see, e.g., Billing v. Premera Blue Cross, 2025 WL 2921909, *3 (W.D. Wash. 2025) ("While Petitioners' Complaint describes the factual background of how the awards arose, the complaint cites only Washington law . . . as the legal basis for relief and requests only state law remedies – confirmation of arbitration awards and entry of judgment.  Describing factual circumstances that involve a federal statute does not transform a state law claim into a federal question.").  Here, plaintiff "only invokes the procedural elements of the NSA as the mechanism by which the arbitration award was procured; the NSA is not a necessary element" of plaintiff's UCL claim.  Billing, 2025 WL 2921909, at *4; see, e.g., Williams v. Wells Fargo Bank, N.A., 2010 WL 3184248, *3 (C.D. Cal. 2010) (rejecting defendant's contention that federal jurisdiction existed where plaintiffs based their UCL claim in part on defendant's alleged violation of FLSA); Zamora v. CVS Pharmacy, Inc., 2017 WL 8220417, *1 (C.D. Cal. 2017) (noting that "it is generally understood that UCL claims based on violations of federal law do not necessarily confer federal question jurisdiction on federal courts").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing that federal question jurisdiction exists.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1.  The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-6151 FMO (CTSx)** | Date | **July 6, 2026** |
|---|---|---|---|
| Title | **Gene K. Lee Medical Corporation v. Elevance Health Inc., et al.** | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |